Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY**

**CHARLES D. FUSZNER, D.M.D., P.C., individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**LIBERTY DENTAL PLAN CORPORATION d/b/a LIBERTY DENTAL PLAN, INC. and d/b/a LIBERTY DENTAL PLAN OF MISSOURI,**

**Serve:**
**The Corporation Trust Company**
**Registered Agent**
**1209 Orange St.**
**New Castle, DE 19801**

**and**

**LIBERTY DENTAL PLAN OF MISSOURI, INC. d/b/a LIBERTY DENTAL PLAN, INC. and d/b/a LIBERTY DENTAL PLAN OF MISSOURI,**

**Serve:**
**C T Corporation System**
**Registered Agent**
**5661 Telegraph Rd, Ste 4B**
**Saint Louis, MO 63129-4275**

**Defendants.**

**JURY TRIAL DEMANDED**

Not an Official Court Document

**CLASS ACTION JUNK-FAX PETITION**

Plaintiff Charles D. Fuszner, D.M.D., P.C., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant Liberty Dental Plan Corporation d/b/a LIBERTY Dental Plan, Inc. d/b/a LIBERTY Dental

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

Plan of Missouri and Defendant Liberty Dental Plan of Missouri, Inc. d/b/a LIBERTY Dental Plan, Inc., and d/b/a LIBERTY Dental Plan of Missouri under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Charles D. Fuszner, D.M.D., P.C., is a Missouri corporation.

2. Defendant Liberty Dental Plan Corporation d/b/a LIBERTY Dental Plan, Inc., and d/b/a LIBERTY Dental Plan of Missouri is a Delaware corporation that was issued an Amended Certificate of Authority of a Foreign Corporation by the Missouri Secretary of State on July 10, 2019, and has a registered agent in St. Louis County. A genuine copy the Amended Certificate of Authority of a Foreign Corporation is attached as **Exhibit 1**.

3. Defendant Liberty Dental Plan of Missouri, Inc. d/b/a LIBERTY Dental Plan, Inc., and d/b/a LIBERTY Dental Plan of Missouri is a Missouri corporation in good standing with the Missouri Secretary of State and has a registered agent in St. Louis County. A genuine copy the Liberty Dental Plan of Missouri, Inc.'s Articles of Organization and Certificate of Incorporation is attached as **Exhibit 2**.

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

Not an Official Court Document

4. Liberty Dental Plan Corporation registered this trademark:

5. In their outward-facing activities, Defendants do not distinguish themselves as distinct entities, but rather market jointly.

6. Liberty Dental Plan Corporation advertises through and uses the website www.libertydentalplan.com (Website).

7. Liberty Dental Plan of Missouri, Inc., advertises through and uses the Website.

8. A subpage from the Website, a genuine copy of which is attached as **Exhibit 3**, states in part:

> LIBERTY is a dental benefits administrator founded by dentists and health industry professionals in 2002. We currently administer dental benefits in all 50 states, including on behalf of over seven million Medicaid, Medicare Advantage, commercial, and exchange members.

https://www.libertydentalplan.com/About-LIBERTY/Company-Facts.aspx (last visited Dec. 26, 2025).

9. A subpage from the Website, a genuine copy of which is attached as **Exhibit 4**, states in part:

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

> LIBERTY Dental Plan of Missouri (LIBERTY) is a licensed privately-held full service dental plan in the state of Missouri providing dental benefits to Missouri residents since 2010. Founded and operated by a dentist, our sole and entire business is the administration of the full scope of dental benefits and improving the overall health of the members we serve.

https://www.libertydentalplan.com/Missouri/LIBERTY-Dental-Plan-Of-Missouri.aspx (last visited Dec. 26, 2025).

10. As December 26, 2025, Liberty Dental Plan Corporation had not registered "LIBERTY Dental Plan, Inc.," as a fictitious name with the Missouri Secretary of State.

11. As December 26, 2025, Liberty Dental Plan Corporation had not registered "LIBERTY Dental Plan of Missouri," as a fictitious name with the Missouri Secretary of State.

12. As December 26, 2025, Liberty Dental Plan of Missouri, Inc., had not registered "LIBERTY Dental Plan, Inc.," as a fictitious name with the Missouri Secretary of State.

13. As December 26, 2025, Liberty Dental Plan of Missouri, Inc., had not registered "LIBERTY Dental Plan of Missouri," as a fictitious name with the Missouri Secretary of State.

14. Missouri Revised Statutes § 417.200 states "[t]hat every name under which any person shall do or transact any business in this state, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as herein

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

required."

15. Missouri Revised Statutes § 417.230 states, "Any person who shall engage in or transact any business in this state under a fictitious name, as in sections 417.200 to 417.230 defined, without registering such name as herein required, shall be deemed guilty of a misdemeanor."

16. This Court has personal jurisdiction over Defendants, because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants are registered with the Missouri Secretary of State, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendants otherwise have sufficient minimum contacts with this state.

17. Venue is proper under Missouri Revised Statutes § 508.010.2.

## THE FAX

18. On or about June 27, 2025, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 822-3085 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 5** (Fax).

19. The Fax constitutes material advertising the quality or commercial availability of property, goods, or services.

20. The Liberty Dental Plan trademark is contained in the Fax:

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

Not an Official Court Document

21. Plaintiff received the Fax through Plaintiff's facsimile machine.

22. The first two paragraphs of the Fax, which follow, refer to the LIBERTY Dental Plan, Inc., even though LIBERTY Dental Plan, Inc., is not a fictitious name registered with the Missouri Secretary of State:

Dear Provider:

As part of our ongoing commitment to simplify and improve payment transactions for your business, **LIBERTY Dental Plan, Inc**. is offering more choice in payment methods. Recent feedback from our network indicates quicker reimbursement and more efficient payment reconciliation are high priorities for our providers, and we are excited to offer additional payment solutions.

**Starting July 25, 2025, LIBERTY Dental Plan, Inc**. will partner with **Optum Financial and ECHO Health, Inc**. to provide these new electronic methods. Many of our providers already work with Optum Financial today. If you are already registered with Optum Financial and ECHO Health under the" All Payor" option, there are no actions required, and your payment will continue based on your current Optum/ECHO set up.

23. The "additional payment solutions" referenced in the first paragraph of the Fax are explained and fees are mentioned.

24. Under OPTION 1, the Fax states, that normal transactions fees apply.

25. Under OPTION 2, EFT Payments, the Fax provides that a fee for the service of receiving EFT from all payers processing payments on the ECHO platform may be required.

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

OPTION 2: EFT Payments:

If you are interested in receiving payment via electronic funds transfer (EFT), setting up EFT is a fast and reliable method. In addition to your banking account information, you will need to provide an Optum Financial payment draft number (found on first VCC payment) and payment amount as part of the enrollment authentication. Optum Financial is committed to data privacy and security, and the prevention of fraud. We employ the latest intrusion prevention and fraud mitigation technologies to protect our clients. Our fraud mitigation strategy includes specific authentication, identity and account verification vendor technologies, and robust internal fraud prevention protocols to identify potential fraud before processing payments to enrolled accounts.

Please note: Payment will appear on your bank statement from Huntington National Bank and ECHO as "HNB - ECHO."

To sign-up to receive EFT from all payers processing payments on the ECHO platform, visit https://enrollments.echohealthinc.com/EFTERAInvitation.aspx. A fee for this service may be required.

To sign up for EFT, through Settlement Advocate for LIBERTY Dental Plan, Inc. only, https://enrollments.echohealthinc.com/efteradirect/LibertyDental . No Fees apply.

26. On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff or to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendants' behalf.

27. The Fax is not specifically directed to Plaintiff but rather states, "Dear Provider."

28. The bottom righthand corner of the each page of the Fax contains a reference number for the fax template.

29. On information and belief, Defendants approved, authorized, and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

30. On information and belief, Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

31. Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

32. Defendants violated the TCPA by sending the Fax.

33. The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendants, lacked a clear and conspicuous notice on page one informing the recipient of the ability and means to avoid future unsolicited advertisements.

34. The Fax lacked an opt-out notice altogether.

35. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

36. The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

37. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

38. On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

39. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

40. Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

41. Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

42. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such fax or (3) with whom Defendants did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

44. Excluded from the Class are Defendants, their employees, their agents, and members of the judiciary.

45. This case is appropriate as a class action because:

a. Numerosity. On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. Commonality. Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi. Whether Defendants violated 47 U.S.C. § 227;

vii. Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

viii. Whether Defendants violated 47 C.F.R. § 64.1200;

ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x. Whether the Court should award statutory damages per TCPA violation per fax;

xi. Whether the Court should award treble damages per TCPA violation per fax;

xii. Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future; and

xiii. Whether Defendants shall each be liable for faxing activities conducted under the unregistered fictitious names "LIBERTY Dental Plan, Inc." and "LIBERTY Dental Plan of Missouri."

c. Typicality. Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax, a template, was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. Adequacy. Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e. Superiority. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

47. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

48. The TCPA provides:

> Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

49. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

50. Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a. receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b. Defendants' actions interfered with the recipients' use of the recipients' fax machines and fax lines;

c. Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d. Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

51. Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

52. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

53. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;

b. appoint the undersigned counsel as Class counsel;

c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g. award Plaintiff an incentive award;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, transmission logs, and other itemization of telephone or fax numbers associated with Defendants and the communication or transmittal of advertisements as alleged herein.

Electronically Filed - St Louis County - December 27, 2025 - 11:59 AM

STL CLASS ACTION

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
11775 Borman Drive, Suite 216
St. Louis, MO 63146
(636) 733-6647
ron@eisenberglawstl.com

*Attorney for Plaintiff*
*Charles D. Fuszner, D.M.D., P.C.*

Not an Official Court Document